[Cite as *Hardgrow v. Dept. of Rehab. & Corr.*, 2011-Ohio-5956.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SIDNEY HARDGROW, SR.,

    Plaintiff,

    v.

DEPARTMENT OF REHABILITATION
 AND CORRECTION,

    Defendant.

Case No. 2010-07512

Judge Joseph T. Clark

DECISION

{¶ 1} On August 8, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On August 15 and 24, 2011, plaintiff filed responses. The motion is now before the court for a non-oral hearing.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** According to the complaint, plaintiff was employed by defendant as a corrections captain at the Richland Correctional Institution (RiCI). Plaintiff alleges that he suffered from hypertension and diabetes, and that he also suffered a stroke in January 2007. Plaintiff, who is African American, claims that on January 31, 2008, defendant "constructively terminated" his employment on the basis of his disability and race in violation of R.C. 4112.02. Based upon the same allegations, plaintiff also asserts claims for breach of implied contract, promissory estoppel, and intentional infliction of emotional distress.

**{¶ 5}** In support of its motion, defendant submitted the affidavit of Charles Scruggs, who has served as the Labor Relations Officer at RiCI since 2001. Scruggs avers, in part:

**{¶ 6}** "2. I have personal knowledge of the facts contained in this Affidavit. Further, I am familiar with the underlying facts of this lawsuit, and I have personally reviewed [plaintiff's] personnel and disciplinary files.

**{¶ 7}** "3. [Plaintiff] began working as a correction officer in 1986. He was promoted to correction sergeant in 1998, to correction lieutenant in 2000 and to correctional captain in 2003.

**{¶ 8}** "4. [Defendant] was aware that [plaintiff] had suffered a stroke in January of 2007. However, upon his return in April of 2007, [plaintiff] submitted two documents from his physician indicating that he was able to return to his normal job duties without any restrictions.

**{¶ 9}** "5. On August 23, 2007, [plaintiff] and correctional officer Larry Kenney, Jr. were involved in a confrontation in the Front Entry building in which [plaintiff] pushed Mr. Kenney and Mr. Kenney landed in a chair. At that time, [plaintiff] served as the correctional captain on third shift at RiCI and was in a supervisory role to Mr. Kenney.

**{¶ 10}** "6. During the internal investigation into the August 23, 2007 incident involving [plaintiff] and Mr. Kenney, incident and medical exam reports were completed, photographs were taken, and investigatory interviews were conducted.

**{¶ 11}** "7.Based on the allegations that he had physically assaulted a subordinate officer, [plaintiff] could face suspension, demotion or removal if just cause was found following the pre-disciplinary hearing.

**{¶ 12}** "8. Following the internal investigation, a pre-disciplinary hearing was held on October 27, 2007 and it was determined that there was just cause for discipline. As a result, the warden demoted [plaintiff] to the position of correctional lieutenant, effective November 29, 2007.

**{¶ 13}** "9. Major Mapp and I met [plaintiff] to inform him of his demotion to correctional lieutenant. At the end of that meeting, [plaintiff] stated, 'I cannot believe this, I am not going to work for any of you mother fuckers.'

**{¶ 14}** "10. [Plaintiff] was given a date to return to work in his new position as correctional lieutenant, but he did not return to work. He did not face any additional discipline for the August 23, 2007 incident and was not being investigated for any other incidents.

**{¶ 15}** "11. At no time during the investigation or at the time that he was informed of his demotion did [plaintiff] complain of age, race or disability discrimination.

**{¶ 16}** "12. On January 31, 2008, [plaintiff] submitted his resignation and he was notified that [defendant] had accepted his resignation on February 1, 2008.

**{¶ 17}** "13. [Plaintiff's] investigation was conducted according to internal policy and discrimination did not play any role in the investigation or in the results of the discipline. [Defendant] did not discriminate against [plaintiff] because of his age, race, disability or any other protected characteristic. The decision to demote him was based solely on the fair and impartial internal investigation into the August 23, 2007 incident involving Mr. Kenney. [Plaintiff's] demotion was an acceptable discipline given the allegations filed against him and the findings of the hearing officer after investigating those allegations."

**{¶ 18}** The memoranda that plaintiff filed in response to defendant's motion are not accompanied by any affidavit or other evidence permitted under Civ.R. 56. Civ.R. 56(E) states, in part, as follows:

**{¶ 19}** "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If

the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 20} With regard to plaintiff's claims of discrimination, R.C. 4112.02 provides:

{¶ 21} "It shall be an unlawful discriminatory practice:   (A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

{¶ 22} "[I]n the absence of direct evidence of discrimination, a plaintiff may raise an inference of discriminatory intent by establishing that:   (1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position held; and (4) comparable, nonprotected persons were treated more favorably."   *Clark v. City of Dublin*, Franklin App. No. 01AP-458, 2002-Ohio-1440.   "If a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for its discharge of the plaintiff.   Should the employer carry this burden, the plaintiff must then prove that the reasons the employer offered were not its true reasons, but merely a pretext for discrimination."   *Wigglesworth v. Mettler Toledo Intl., Inc.*, Franklin App. No. 09AP-411, 2010-Ohio-1019, ¶16.   (Internal citations omitted.)

{¶ 23} Concerning plaintiff's allegation that he suffered an adverse employment action in the form of a constructive discharge, "[c]ourts generally apply an objective test in determining when an employee was constructively discharged, viz., whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign. * * * In applying this test, courts seek to determine whether the cumulative effect of the employer's actions would make a reasonable person believe that termination was imminent."   *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 588-589, 1996-Ohio-265.   (Internal citations omitted.)

{¶ 24} The only reasonable conclusion to be drawn from the uncontested affidavit testimony of Scruggs is that plaintiff was not constructively discharged, but instead voluntarily resigned his employment.   Further, to the extent that plaintiff's demotion constituted an adverse employment action, it is only reasonable to conclude that

defendant had legitimate, non-discriminatory reasons for taking such action. Accordingly, plaintiff's claims of discrimination must fail as a matter of law.

{¶ 25} For his breach of implied contract claim, plaintiff alleges that "defendant's actions against plaintiff were in contradiction of defendant's written policies prohibiting discriminating in the workplace." (Complaint, ¶16.) "Ohio law acknowledges three types of contracts: express, implied in fact, and implied in law. * * * Unlike express contracts, implied contracts are not created or evidenced by explicit agreement of the parties; rather, they are inferred by law as a matter of reason and justice. * * * An implied-in-fact contract arises from the conduct of the parties, or circumstances surrounding the transaction, that make it clear that the parties have entered into a contractual relationship despite the absence of any formal agreement." *Fouty v. Ohio Dept. of Youth Servs.*, 167 Ohio App. 3d 508, 2006-Ohio-2957, ¶56. (Internal citations omitted.)

{¶ 26} Plaintiff has failed to present any evidence to demonstrate that the parties mutually assented to something other than an employment-at-will relationship. Moreover, Scruggs states that plaintiff's demotion was carried out in accordance with defendant's anti-discrimination policies. Accordingly, reasonable minds can only conclude that defendant is entitled to judgment as a matter of law on plaintiff's claim for breach of implied contract.

{¶ 27} For his promissory estoppel claim, plaintiff alleges that defendant promised him "that he would be treated fairly an[d] not subject to discrimination," and that he "detrimentally relied upon defendant's promise by not seeking/accepting other employment." (Complaint, ¶20-21.) "To establish a claim for promissory estoppel, an employee must prove: (1) a clear and unambiguous promise, (2) made by the employer, (3) which the employer should reasonably and forseeably expect to induce reliance by the employee, and (4) upon which the employee must have actually relied and suffered injury as a result." *Miller v. Lindsay-Green, Inc.*, Franklin App. No. 04AP-848, 2005-Ohio-6366, ¶35. Inasmuch as plaintiff failed to submit evidence of a clear and unambiguous promise made by defendant, and given that Scruggs' uncontested affidavit testimony establishes that plaintiff's demotion was not based upon plaintiff's

race, disability, or other impermissible factor, reasonable minds can only conclude that plaintiff's claim for promissory estoppel is without merit.

**{¶ 28}** Lastly, in order to prevail on a claim for intentional infliction of emotional distress, plaintiff must show that: "(1) defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious." *Hanly v. Riverside Methodist Hosp.* (1991), 78 Ohio App.3d 73, 82.

**{¶ 29}** In *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 374, quoting Restatement of the Law 2d, Torts (1965) 73, Section 46, Comment d, the court explained that liability in such cases "'has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'"

**{¶ 30}** Based on Scruggs' affidavit, the only reasonable conclusion to be drawn is that defendant's conduct was neither extreme nor outrageous.

**{¶ 31}** For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SIDNEY HARDGROW, SR.,

      Plaintiff,

      v.

DEPARTMENT OF REHABILITATION
 AND CORRECTION,

      Defendant.

Case No. 2010-07512

Judge Joseph T. Clark

JUDGMENT ENTRY

{¶ 32} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Amy S. Brown
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Sidney Hardgrow, Sr.
109 Washington Avenue
Mansfield, Ohio 44903

Filed September 27, 2011
To S.C. reporter November 18, 2011